**United States Bankruptcy Court**
**Middle District of Georgia**

| IN RE: | Case No. _____ |
|---|---|
| **Sailors, David Keith** | Chapter **13** _____ |
| Debtor(s) | |

# CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of $ **320.00** [ ] weekly [ ] bi-weekly [ ] semi-monthly **[X]** monthly. (If the payments change over time include the following.) **VIA PAYROLL DEDUCTION ORDER.**

2. From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| Name of Creditor | Month of First Payment Under Plan | Monthly Payment Amount |
|---|---|---|
| **None** | | |

(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| Name of Creditor | Adequate Protection Amount |
|---|---|
| **None** | |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See § 1325(a)*

| Name of Creditor | Amount Due | Interest Rate | Collateral |
|---|---|---|---|
| **None** | | | |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| Name of Creditor | Amount Due | Value | Interest Rate | Collateral | Amount |
|---|---|---|---|---|---|
| **None** | | | | | |

(f) *Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $ **3,000.00** to be paid as follows:

| | Amount |
|---|---|
| Pursuant to the Administrative Order on Attorney Fee Awards | |
| | |

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows.

| Name of Creditor | Estimated Amount Due | Value | Interest Rate | Collateral |
|---|---|---|---|---|
| **None** | | | | |

(h) The following collateral is surrendered to the creditor:

| Name of Creditor | Description of Collateral |
|---|---|

| Nationstar Mortgage | 417 Jenkins Road, Forsyth, GA  31029 |
|---|---|

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt and will not include interest at the rate of _____%. (If this is left blank, no interest will be paid.)

| Name of Creditor | Payment Amount |
|---|---|
| **None** | |

(j) The following unsecured claims are classified to be paid at 100%. These payments will be made simultaneously with payment of the secured debt: **None**

(k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts: **None**

(m) Special provisions: UPON COMPLETION OF THE PLAN AND DISCHARGE - ANY DEFAULT IN MORTGAGE CONTRACTS TREATED UNDER THE PLAN WILL BE CONSIDERED CURED AND THE MORTGAGE REINSTATED IN FULL, INCLUDING ANY PRE-PETITION ATTORNEYS FEES OR COSTS OF COLLECTION.  ALL TITLES TO VEHICLES SERVING AS COLLATERAL FOR CLAIMS TREATED UNDER THE PLAN WILL BE RETURNED TO THE DEBTOR(S) WITH LIENS RELEASED.

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

   (i) Debtor will pay all of his disposable income as shown on Form B22C of $  **8,224.80**   to the non priority unsecured creditors in order to be eligible for a discharge.

   (ii) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $  **6,500.00**  . Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge.

   (iii) The debtor will pay $ ____ to the general unsecured creditors to be distributed prorata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

   (a) _____% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii), or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

   (b) the debtor(s) will make payments for **57** months and anticipate a dividend of **33.00**%, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii), or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor at the time of confirmation shall be insured by the debtor. The chapter13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Dated: **April  9, 2014**           /s/ David Keith Sailors_____
                                     Debtor

                                     _____
                                     Debtor